UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF NEW
YORK

| | | |
|---|---|---|
| **SCOTT PHILLIP LEWIS,** | § | |
| *Plaintiff*, | § | 1:24-cv-376 (BKS/TWD) |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Adirondack Medical Center d/b/a** | § | |
| **Adirondack Health; Lake Placid Sports** | § | |
| **Medicine, PLLC; CDPHP Universal** | § | |
| **Benefits, Inc.; Eugene Byrne; Daniel P.** | | |
| **Bullock; Bartlomiej Szczech; Tracey** | | |
| **Viola; William J. Smith** | | |
| *Defendant* | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES PLAINTIFF, Scott Phillip Lewis, and files Plaintiff's Original Complaint. Plaintiff files this Americans with Disabilities Act and 42 USC § 1985 lawsuit for cause of action and will show the following:

### I.   PARTIES

1. Plaintiff is Scott Phillip Lewis ("Plaintiff"), an individual and citizen of the United States of America.

2. Defendant #1 is Adirondack Medical Center, doing business as Adirondack Health ("Adirondack Medical Center") ("Adirondack Health"), a 501(c) not-for-profit organization located at 2233 NY-86, Saranac Lake, NY, **UNITED STATES**, 12983 and can be served through it's Chief Executive Officer Aaron Kramer or any other agent authorized by appointment or by law to receive service of process pursuant to Fed. R. Civ. P. 4(h)(1)(B). Service is requested contemporaneously with the filing of the complaint.

3. Defendant #2 is Lake Placid Sports Medicine, PLLC ("Lake Placid Sports Medicine") is a

domestic professional services limited liability company located at 203 Old Military Road, Lake Placid, New York, **UNITED STATES**, 12946 and can be served through any agent authorized by appointment or by law to receive service of process pursuant to Fed. R. Civ. P. 4(h)(1)(B).  Service is requested contemporaneously with the filing of the complaint.

4. Defendant #3 is CDPHP Universal Benefits, Inc. ("CDPHP") is a domestic not-for-profit corporation located at 500 Patroon Creek Boulevard, Albany, New York, **UNITED STATES**, 12206.

5. Defendant #4 is Eugene Byrne.  Upon information and belief, Eugene Byrne is a physician at Lake Placid Sports Medicine.  Eugene Byrne can be served at 203 Old Military Road, Lake Placid, New York, 12946.  Service is requested contemporaneously with the filing of the complaint.

6. Defendant #5 is Daniel P. Bullock.  Upon information and belief, Daniel P. Bullock is a physician at Lake Placid Sports Medicine in Lake Placid, New York.  Daniel P. Bullock can be served at 203 Old Military Road, Lake Placid, New York, 12946.  Service is requested contemporaneously with the filing of the complaint.

7. Defendant #6 is Bartlomiej Szczech.  Upon information and belief, Bartlomiej Szczech is a physician at Lake Placid Sports Medicine in Lake Placid, New York.  Bartlomiej Szczech can be served at 203 Old Military Road, Lake Placid, New York, 12946.  Service is requested contemporaneously with the filing of the complaint.

8. Defendant #7 is Tracey Viola.  Upon information and belief, Tracey Viola is a physician at Lake Placid Sports Medicine in Lake Placid, New York. Tracey Viola can be served at 203 Old Military Road, Lake Placid, New York, 12946.  Service is requested contemporaneously with the filing of the complaint.

9. Defendant #8 is William J. Smith. Upon information and belief, William J. Smith is a physician at Lake Placid Sports Medicine in Lake Placid, New York. William J. Smith can be served at 203 Old Military Road, Lake Placid, New York, 12946. Service is requested contemporaneously with the filing of the complaint.

## II. JURISDICTION AND VENUE

10. The court has jurisdiction over this lawsuit according to 28 U.S.C § 1331.

11. Venue is proper in the Plattsburgh Division of the United States District Court for the Northern District of New York, under 28 U.S.C § 1391(b). All Defendants are situated in this district and a substantial part of the events or omissions giving rise to claims in this lawsuit occurred within this judicial district.

## III. FACTUAL ALLEGATIONS

12. On or around March 2022, Plaintiff sought treatment for chronic pain for a previously injured left wrist, hand and fingers and left shoulder at Adirondack Medical Center.

13. Plaintiff's left wrist, hand and fingers were previously surgically repaired by Upstate Medical Center in Syracuse, New York or or around August 2012. Plaintiff's left shoulder was broken within Williamson County Jail in Georgetown, Texas on January 25,2019.

14. After having initial evaluations in March 2022 for both injuries, Plaintiff was expecting to have medical imaging completed on the injuries and begin physical therapy for the injuries. Plaintiff originally had private insurance through Fidelis Care during these initial evaluations.

15. On or around May 2022, Plaintiff was told that he could not schedule appointments for physical therapy but needed to complete both initial evaluations once more.

16. Plaintiff was diagnosed with attention-deficit hyperactivity disorder ("ADHD") in January 2022 and was exhibiting symptoms of post traumatic stress disorder ("PTSD"). Plaintiff was diagnosed with PTSD in May 2023.

17. There were no company policies, procedures or rules that required Plaintiff to have second evaluations for both injuries prior to completing treatment.

18. Plaintiff was required to have second evaluations for monetary reasons that only benefitted Adirondack Medical Center while damaging Plaintiff.

19. Plaintiff was ultimately never treated by Adirondack Medical Center and has filed an American with Disabilities Act ("ADA") and Rehabilitation Act lawsuit in this Court (8:24-cv-00027). The claims made without this complaint are wholly separate from any made within Plaintiff's previous complaint made against Adirondack Medical Center.

20. After being denied medical care by Adirondack Medical Center, Plaintiff's injuries still produced chronic pain that disrupted Plaintiff's everyday life.

21. Plaintiff's desire was to have medical imaging done to see the full nature of the injuries before beginning any actual physical therapy performed by actual physical therapists.

22. On or around April 2023, Plaintiff was scheduled for an MRI. At this point, Plaintiff was on Medicaid through CDPHP Universal Benefits, Inc.

23. When arriving for the MRI, Plaintiff was told the imaging would be done on the left forearm. Plaintiff was immediately concerned because the injury was within the left wrist, hand and fingers, and not the forearm.

24. Plaintiff was told that the insurance company could only take images on the forearm since that was the imaging that was approved. Plaintiff was enraged as imaging of the forearm

would be a waste since it would not show the injury. Nonetheless, Plaintiff had imaging done of the forearm.

25. The results of the first MRI were inconclusive, since it did not take an image of the injury. When Plaintiff brought this to the attention of the Adirondack Medical Center, Plaintiff was told by Dr. Lindsay Wilhelm, the physician who made the referral, said that Plaintiff never mentioned injuries to his hand and fingers.

26. This is a bold faced lie. Plaintiff brought up the full extent of the injury to Dr. Wilhelm and had explained the injuries to individuals he believed were physical therapists. There is no reason that Dr. Lindsay Wilhelm should not have been aware of the full extent of the injuries. Stating they were unaware is admitting the unprofessional and disorganized organization that is Adirondack Medical Center.

27. Plaintiff perceived the imaging taken on the wrong body part to be organized fraud to take advantage of Plaintiff's medicaid insurance. This tactic is done knowing that Plaintiff will need to return for additional MRI's after images on the wrong body part are taken.

28. Plaintiff eventually received MRI's on the left wrist, hand, and fingers and left shoulder. Plaintiff's left shoulder was diagnosed with a torn labrum.

29. Plaintiff has never reviewed these MRI's with staff from Adirondack Medical Center or any other individual. In other words, Plaintiff did not get to review the images.

30. Instead, Plaintiff was referred to Lake Placid Sports Medicine in Lake Placid, New York. Before being seen by a physician, Plaintiff was told they needed to complete "a nerve test" in Plattsburgh, New York or Queensbury, New York. Plaintiff declined the unnecessary testing prior to being seen by a physician.

31. After refusing a nerve test that would not benefit Plaintiff's injuries in any way but instead would benefit Defendant with monetary incentives, Plaintiff was told that there were no physicians available who would be able to treat his injuries.

32. If there were no physicians available to treat Plaintiff's injuries, then why did Lake Placid Sports Medicine require "a nerve test" before being seen? The answer is that Defendant's engaged in a fraudulent scheme for monetary incentives while ultimately refusing treatment to Plaintiff.

33. Plaintiff was discontinued and refused to be seen in the future by Adirondack Health on or around May 2023.

34. Plaintiff reported the suspected fraud to CDPHP Universal Benefits, Inc. or or around June 2023.  Plaintiff was told, after investigation, that they cannot direct physicians how to run their businesses.  Essentially CHPHP admitted that if medical professionals were abusing Medicaid reimbursements by ordering MRI's on the wrong body part, they would participate in the scheme.

## IV. CLAIMS

**CLAIM I - Americans with Disabilities Act ("ADA") against Lake Placid Sports Medicine, PLLC**

35. Plaintiff hereby incorporates all preceding paragraphs as if fully stated herein and alleges as follows.

36. "To state a claim under Title III [of the Americans with Disabilities Act ("ADA" or "the Act")], [a plaintiff] must allege (1) that he is disabled within the meaning of the ADA; (2) that defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against her by denying her a full and equal opportunity to enjoy the services defendants provide." *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008).

37. Defendant was diagnosed with attention-deficit hyperactivity disorder ("ADHD") qualifying Defendant as disabled.

38. Defendant owns, leases or operates a place of public accommodation.

39. Plaintiff was discriminated against by being denied the full and equal opportunity to enjoy the services Defendant provided.

40. Plaintiff requests all relief and damages he may be entitled

## CLAIM II- 42 U.S.C § 1985(3)
*All Defendants*

41. Plaintiff hereby incorporates all preceding paragraphs as if fully stated herein and alleges as follows.

42. Defendants participated in a scheme to maximize their financial interests while refusing to provide medical care to Plaintiff.  Defendants conspired in a fraudulent scheme that provided financial incentives for all Defendants but ultimately denied Plaintiff the equal protection of laws.  By conspiring to maximize profits while refusing to treat Plaintiff, all Defendants have engaged in a conspiracy to discriminate against Plaintiff, a clear violation of the ADA and the equal protection of such law.

43. Plaintiff requests all relief and damages he may be entitled.

## V. DAMAGES

44. Plaintiff suffered and claims the following damages::

    - Past and future mental anguish
    - Past and future impairment
    - Past and future medical expenses
    - Past and future loss of earning capacity
    - Past and future physical suffering

## VI. JURY DEMAND

45. Plaintiff respectfully requests jury trial pursuant to FED. R. CIV. P. 48.

## VII. PRAYER FOR RELIEF

46. Accordingly, Plaintiff requests that judgment be awarded against all Defendants for:

(1) Compensatory damages;

(2) Punitive or exemplary damages;

(3) Costs of Court;

(4) Prejudgment and postjudgment interest at the highest rate allowable under law;

(5) Unliquidated damages at the highest amount that is within the jurisdictional limits of the court;

(6) Any and all other relief to which Plaintiff is justly entitled.

Respectfully submitted,<br>
/s/Scott Phillip Lewis<br>
Scott Phillip Lewis<br>
1936 Saranac Ave. #3, PMB 411<br>
Lake Placid, NY 12946<br>
518-551-3061<br>
scottphilliplewis@gmail.com