UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

SCOTT PHILLIP LEWIS,

                                 Plaintiff,                    1:24-cv-376 (BKS/TWD)

v.

ADIRONDACK MEDICAL CENTER d/b/a Adirondack
Health, LAKE PLACID SPORTS MEDICINE, PLLC,
CDPHP UNIVERSAL BENEFITS, INC., EUGENE
BYRNE, DANIEL P. BULLOCK, BARTLOMIEJ
SZCZECH, TRACEY VIOLA, and WILLIAM J. SMITH,

                                 Defendants.
_____

**Appearances:**

*Plaintiff pro se*:
Scott Phillip Lewis
Lake Placid, NY 12946

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Scott Phillip Lewis commenced this proceeding on March 19, 2024, alleging violations of (1) Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., against Defendant Lake Placid Sports Medicine, PLLC, and (2) 42 U.S.C. § 1985(3) against Adirondack Medical Center d/b/a Adirondack Health, Lake Placid Sports Medicine, PLLC, CDHP Universal Benefits, Inc., Eugene Byrne, Daniel P. Bullock, Bartlomiej Szczech, Tracey Viola, and William J. Smith. (Dkt. No. 1).[1] Plaintiff also sought leave to proceed *in forma*

---

[1] Prior to commencing this proceeding, Plaintiff filed a complaint alleging what appear to be certain overlapping facts against Adirondack Medical Center only. *See* Complaint, *Lewis v. Adirondack Med. Ctr.*, No. 8:24-cv-27 (N.D.N.Y. Jan. 7, 2024). On April 17, 2024, this Court adopted the Report-Recommendation of Magistrate Judge Daniel J. Stewart, recommending that Plaintiff's complaint be dismissed with leave to amend. *See Lewis v. Adirondack Med.*

*pauperis* ("IFP"). (Dkt. No. 2). This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks. (*Id.*). On May 10, Magistrate Judge Dancks granted Plaintiff's application to proceed IFP and issued a Report-Recommendation recommending that Plaintiff's complaint be dismissed with leave to amend. (Dkt. No. 4). Any objections to the Report-Recommendation were due May 28. (*See id.*). On May 29, Plaintiff filed a motion to extend his deadline to file objections to July 4, (Dkt. No. 5), which was granted the following day, (Dkt. No. 6). On July 24, Plaintiff filed a letter motion asking the Court to accept and consider his objections that were not timely filed because of problems with accessing PACER, (Dkt. No. 7), and separately filed his objections, (Dkt. No. 8). Plaintiff also sought permission to file electronically, (Dkt. No. 9), which Magistrate Judge Dancks denied, (Dkt. No. 10). Plaintiff has appealed this denial. (Dkt. No. 11). For the reasons set forth below, the Court accepts and considers Plaintiff's objections, adopts the Report-Recommendation in its entirety, and denies Plaintiff's appeal.

## II.   STANDARD OF REVIEW

This Court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections "must be specific and clearly aimed at particular findings in the" report. *Molefe v. KLM Royal Dutch*

---

*Ctr*, 2024 WL 1652458, 2024 U.S. Dist. LEXIS 69676 (N.D.N.Y. Apr. 17, 2024). Plaintiff has not subsequently filed an amended complaint.

*Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citation omitted). "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal." *Machicote v. Ercole*, No. 6-cv-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Kruger*, 976 F. Supp. 2d at 296 (citation omitted).

A magistrate judge may issue orders regarding nondispositive pretrial matters, and the district court reviews such orders under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "An order is clearly erroneous when the reviewing court is left with the definite and firm conviction that a mistake has been committed. An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000) (citations and internal quotation marks omitted). "Under this highly deferential standard, magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Williams v. Rosenblatt Sec., Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017) (quoting *Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 511 (S.D.N.Y. 2013)).

### III. DISCUSSION

#### A. Report-Recommendation

In the Report-Recommendation, Magistrate Judge Dancks outlined the procedural history of this suit, described the factual allegations in Plaintiff's complaint, and identified the Plaintiff's current claims and request for relief. (Dkt. No. 4, at 2–5). With respect to Plaintiff's ADA claim against Lake Placid Sports Medicine, LLC, Magistrate Judge Dancks found that Plaintiff had "not plausibly alleged he is disabled within the meaning of the ADA," and that Plaintiff had "not

3

pled Lake Placid Sports Medicine PLLC's actions constituted discrimination under Title III of the ADA or resulted in the discriminatory provision of services to Plaintiff." (*Id.* at 8–9). Additionally, Magistrate Judge Dancks explained that "Plaintiff only seeks monetary damages" which are not available to a plaintiff under Title III of the ADA. (*Id.* at 9). In determining Plaintiff also failed to state a claim pursuant to 42 U.S.C. § 1985(3), Magistrate Judge Dancks found that Plaintiff's complaint "contains only 'conclusory, vague, or general allegations,'" that Plaintiff "failed to adequately allege the necessary racial or other invidious discriminatory animus," and that Plaintiff had "not plausibly alleged an underlying violation of the ADA." (*Id.* at 11 (citations omitted)). She accordingly recommended dismissal of Plaintiff's complaint with leave to amend. (*Id.* at 12).

**B.     Objections to the Report-Recommendation**

As previously indicated, Plaintiff's objections to the Report-Recommendation were not timely filed. (*See* Dkt. No. 8; *see also* Dkt. No. 6). Rule 6(b) of the Federal Rules of Civil Procedure states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Plaintiff, who is proceeding *pro se*, stated that he "had attempted to file objections [in this] matter on June 26, 2024," and "had been locked out of [his] US PACER account for some time and had been unable to see that [his] submission was not received." (Dkt. No. 7, at 1). The Court finds that Plaintiff has demonstrated good cause for his late filing and the Court will consider Plaintiff's objections.

Plaintiff has not raised any objections to the facts or the legal framework set forth in the Report-Recommendation. (*See* Dkt. No. 8). The Court therefore adopts Magistrate Judge Dancks's summary of the factual background and applicable law and presumes familiarity with those matters for the purposes of this decision.

4

1.     **Title III of the Americans with Disabilities Act**

Plaintiff objects to Magistrate Judge Dancks's recommendation that his ADA claim be dismissed. (Dkt. No. 8, at 1–2). Plaintiff argues that he "properly outlined the discrimination he has experienced," that "Plaintiff properly detailed the fraudulent scheme used by Defendants to take advantage of those with conditions such as Plaintiff," and that "Plaintiff detailed how major life activities were disrupted by such a fraudulent scheme to discriminate against those meeting the definition of 'disability.'" (*Id.*).

First, the Court agrees with Magistrate Judge Dancks's assessment that "Plaintiff does not allege Lake Placid Sports Medicine, PLLC took [the actions attributed to it in Plaintiff's complaint] for the purpose of discriminating against him because of an alleged disability." (Dkt. No. 4, at 9). Even if Plaintiff had adequately alleged a disability for purposes of the ADA, *see infra*, Plaintiff has not pleaded any facts indicating that Lake Placid Sports Medicine, PLLC discriminated against Plaintiff "within the meaning of the ADA." *See Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 95 (2d Cir. 2012) (citations omitted); *see also Costin v. Glens Falls Hosp.*, 103 F.4th 946, 953 (2d Cir. 2024) ("To establish a prima facie violation under [Title III of the ADA], it must be shown that . . . the plaintiff 'was denied the opportunity to participate in or benefit from . . . services, programs, or activities' or was 'otherwise discriminated against' on the basis of disability." (citing *Wright v. N.Y. State Dep't of Corr.*, 831 F.3d 64, 72 (2d Cir. 2016))). While Plaintiff alleges that he "was told they needed to complete 'a nerve test,'" prior to being seen by a physician, and that, after refusing the nerve test, he "was told that there were no physicians available who would be able to treat his injuries," (Dkt. No. 1, ¶¶ 30–31), nowhere in the complaint does Plaintiff suggest he did not receive Lake Placid Sports Medicine, PLLC's services *because of a disability* or that he was otherwise discriminated against on this basis.

Indeed, Plaintiff's description of the allegedly "fraudulent scheme" only indicates that it is "for monetary incentives," not that it targets those with disabilities. (*See id.* ¶ 32).

Second, Magistrate Judge Dancks also correctly analyzed Plaintiff's allegations regarding disability. While Plaintiff objects that he "detailed how major life activities were disrupted by such a fraudulent scheme," (Dkt. No. 8, at 1–2), this misstates what Plaintiff must allege to plead a disability under the ADA. *See* 42 U.S.C. § 12102(1) (defining "disability" as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."). Plaintiff has stated he "was diagnosed with attention-deficit hyperactivity disorder ("ADHD") qualifying [him] as disabled,"[2] (Dkt. No. 1, ¶ 37; *see also id.* ¶ 16 ("Plaintiff was diagnosed with attention-deficit hyperactivity disorder ("ADHD") in January 2022)), and that he "exhibit[ed] symptoms of post traumatic stress disorder ("PTSD")" and "was diagnosed with PTSD in May 2023." (*Id.* ¶ 16). Alleging such diagnoses, without any further factual detail, is plainly insufficient to allege a disability under the ADA. *See Zuckerman v. GW Acquisition LLC*, No. 20-cv-8742, 2021 WL 4267815, at *11, 2021 U.S. Dist. LEXIS 178873, at *25 (S.D.N.Y. Sept. 20, 2021) ("[A] diagnosis, standing alone, establishes only that Plaintiff has an impairment; it does not establish that any major life activity is limited by that impairment.").

Lastly, the Court notes that Plaintiff did not object to Magistrate Judge Dancks's recommendation that his Title III claim, which "only seeks monetary damages," be dismissed on the ground that Title III of the ADA does not permit a plaintiff to receive monetary damages, but rather only injunctive relief. (*See generally* Dkt. No. 8.; *see also* Dkt. No. 4, at 9). Therefore,

---

[2] Plaintiff explicitly states that "*Defendant* was diagnosed with attention-deficit hyperactivity disorder ("ADHD") qualifying *Defendant* as disabled." (Dkt. No. 1, ¶ 37 (emphases added)). However, the Court assumes based on the context that Plaintiff meant to allege that *Plaintiff* was diagnosed with ADHD, not any of the Defendants.

even if Plaintiff's objections had merit, it would still be necessary to dismiss Plaintiff's claim, which does not seek injunctive relief, (see Dkt. No. 1, ¶ 46), on this basis. *See e.g.*, *Sandler v. Benden*, No. 15-cv-1193, 2016 WL 9944017, at *16, 2016 U.S. Dist. LEXIS 193234, at *57 (E.D.N.Y. Aug. 19, 2016) ("Since plaintiff seeks only monetary relief with respect to her ADA claims . . . the amended complaint fails to state a plausible claim for relief under Title III of the ADA.")

### 2. 42 U.S.C. § 1985(3)

Plaintiff also objects to Magistrate Judge Dancks's recommendation that his claim against all Defendants pursuant to 42 U.S.C. § 1985(3) be dismissed. (Dkt. No. 8, at 2). Plaintiff argues that he "properly detailed facts of the fraudulent scheme used by Defendant's [sic] that injured Plaintiff" and that the allegations in the complaint "are not conclusory, vague or general." (*Id.*).

First, as was stated in the Report-Recommendation, (Dkt. No. 4, at 11), Plaintiff has not pled facts sufficient to allege the existence of a conspiracy. Here, "[n]one of the allegations in the complaint plausibly allege that defendants made an agreement for the purpose of depriving disabled individuals of their civil rights." *See Gropper v. Fine Arts Housing, Inc.*, 12 F. Supp. 3d 664, 671 (S.D.N.Y. 2014). While Plaintiff alleges that "Defendants participated in a scheme to maximize their financial interests while refusing to provide medical care to Plaintiff" and that "Defendants conspired in a fraudulent scheme that provided financial incentives for all Defendants but ultimately denied Plaintiff the equal protection of the laws," (Dkt. No. 1, ¶ 42; *see also id.* ¶ 32), such "references" to a scheme "are merely 'naked assertions devoid of further factual enhancement,' and a court is not 'bound to accept as true a legal conclusion couched as a factual allegation.'" *Gropper*, 12 F. Supp. 3d at 671 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

7

Additionally, Plaintiff did not object to Magistrate Judge Dancks's other reasons for finding Plaintiff had failed to state a claim under 42 U.S.C. § 1985. (*See generally* Dkt. No. 8). Even if Plaintiff had stated sufficient facts to allege the existence of a conspiracy, the Court notes that the claim would still fail because Plaintiff has not alleged facts indicating that the conspiracy was "motived by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action," *see Martinez v. Cnty. of Suffolk*, 999 F. Supp. 2d 424, 431 (E.D.N.Y. 2014) (quoting *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999)), and because, as discussed *supra*, Plaintiff has not adequately alleged an underlying civil rights violation, *see O'Bradovich v. Village of Tuckahoe*, 325 F. Supp. 2d 413, 426 (S.D.N.Y. 2004) ("In the absence of any claim establishing a violation of civil rights, the court must also dismiss claims of conspiracy brought under § 1985." (citations omitted)).

Accordingly, the Court agrees with the Report-Recommendation that Plaintiff's claims pursuant to Title III of the ADA and 42 U.S.C. § 1985(3) should be dismissed with leave to amend.

C.     **Denial of Motion for Permission to File Electronically**

On September 18, 2024, Plaintiff filed a motion for permission to file electronically. (Dkt. No. 9). Magistrate Judge Dancks denied Plaintiff's motion without prejudice and explained that "[p]laintiff may reapply for electronic filing if the complaint or any amended complaint is accepted" by the Court. (Dkt. No. 10). Plaintiff appeals the denial, arguing that "[f]iling under 28 U.S.C. § 1915 is irrelevant for permission to file electronically" and, relying on Rule 1 of the Federal Rules of Civil Procedure, that "[p]ermission to file electronically is to secure a just, speedy and expensive determination of this action." (Dkt. No. 11, at 2).

Rule 5 of the Federal Rules of Civil Procedure states that "[a] person not represented by an attorney . . . may file electronically only if allowed by court order or by local rule." Fed. R.

8

Civ. P. 5(d)(3)(B)(i). Under local rules, *pro se* litigants may not file electronically without permission from the Court. Gen. Order 22, Rule 12.1. While Plaintiff states that he has been disadvantaged by the inability to file electronically and "must manually search each case to see if any activity has occurred," no complaint has even been accepted for filing in this case. *Cf. Zuccarino v. Town of Hector*, No. 19-cv-6370, 2020 WL 2319870, at *1, 2020 U.S. Dist. LEXIS 82624, at *3 (W.D.N.Y. May 11, 2020) (denying motion for permission to use the electronic filing system where the plaintiff did not "provide[] a persuasive reason for the Court to grant his motion"). As Plaintiff has not demonstrated that Magistrate Judge Dancks' decision is either clearly erroneous or contrary to law, Plaintiff's appeal is denied.

### IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion to accept and consider his objections to the Report-Recommendation, (Dkt. No. 7), is **GRANTED**; and it is further

**ORDERED** that Magistrate Judge Dancks's Report-Recommendation, (Dkt. No. 8), is **ADOPTED**; and it is further

**ORDERED** that Plaintiff's Complaint, (Dkt. No. 1), is **DISMISSED** with leave to amend; and it is further

**ORDERED** that any amended complaint must be filed **within thirty (30) days** of the date of this Order. Any amended complaint must be a complete pleading which will replace the current complaint in total; and it is further

**ORDERED** that if Plaintiff files a timely amended complaint, it shall be referred to Magistrate Judge Dancks for review; and if Plaintiff fails to file a timely amended complaint, the Clerk is directed to close this case; and it is further

9

**ORDERED** that Plaintiff's appeal, (Dkt. No. 11), of the decision denying Plaintiff permission to file electronically, (Dkt. No. 10), is **DENIED** in its entirety; and it is further

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 9, 2024
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge